GOLDBERG v. HEGEMAN & CO.

(Supreme Court, Appellate Term. June 30, 1908.)

1. APPEAL AND ERROR—REVIEW—PRESUMPTIONS—WEIGHT OF EVIDENCE.
    Where a verdict was returned for plaintiff, it will be presumed on appeal that the facts are as testified to by plaintiff.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3755.]

2. DRUGGISTS—LIABILITY TO PERSONS PURCHASING DRUGS.
    Where a person asks a druggist for a drug for a particular, specified purpose, and the druggist furnishes it, he impliedly represents the drug sold to be suitable for that purpose, and hence, where one asked for corrosive sublimate "to apply to the body to kill lice," and the druggist prepared it for that purpose, but made the solution so strong that it caused severe injury, he was liable for damages; the case being analogous to those where a harmful drug is sold as a harmless one.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Druggists, § 8.]

3. SAME.
    As the druggist declared the drug to be fit for the purpose for which he sold it, his liability was not affected by his failure to label it as fit for that purpose.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Druggists, § 8.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Personal injury action by Solomon Goldberg against Hegeman & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Nadal, Carrere & Jones, for appellant.
Julius Miller, for respondent.

SEABURY, J. This action is to recover damages for injuries which the plaintiff alleges he received through the negligence of the defendant. The jury having returned a verdict for the plaintiff, we must assume the facts to be as testified to by the plaintiff. The defendant is engaged in the occupation of a druggist. The plaintiff informed the defendant's clerk that he wished to purchase "ten cents' worth of corrosive sublimate to apply to the body to kill lice." The clerk asked the plaintiff if he should mix it with water or alcohol; and

the plaintiff replied that he did not know. The defendant furnished the plaintiff with 10 cents' worth of corrosive sublimate. The plaintiff applied it to his body, and sustained severe injury as a result.

The plaintiff predicates the charge of negligence upon the claim that, as he asked for corrosive sublimate "to apply to the body to kill lice," the defendant should have so prepared the corrosive sublimate that it could be applied to the body without injuring it. The plaintiff offered the evidence of a physician to the effect that corrosive sublimate could be so prepared that it could be applied to the body without injurious consequences. The physician also testified that the drug furnished the plaintiff was "a very strong solution," and that "it was of abnormal strength." The case at bar is not, as contended by the appellant, a case where a customer ordered a drug and was given the drug he ordered. If it were such a case, we think that there could be no recovery. Here the plaintiff asked for a drug for a particular, specified purpose, and when the defendant sold him a drug for this purpose it thereby impliedly represented the drug which it sold to be suitable for the purpose for which it was sold. The plaintiff used it for the purpose for which the defendant had sold it to him, and thereby sustained injury.

We think this case is analogous to the cases where a druggist sells a harmful drug as a harmless drug. In such cases the druggist has been held liable to those who relying upon his label sustain injury from the use of the drug. 14 Cyc. 1085; Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455. It is true that in the present case the druggist put no label upon the drug; but in attempting to fill the plaintiff's order the defendant, by the actions of its agent, declared the drug to be fit for the purpose for which he sold it, just as clearly as if he had labeled it as fit for this purpose.

The judgment appealed from is affirmed, with costs. All concur.